IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>VENCE PIRES,<br><br>                Defendant. | Case No. 18-CR-10186-1 |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S 2255 MOTION

The United States of America, by and through Assistant United States Attorney Eric S. Rosen, respectfully files this response in opposition to Defendant Vence Pires' (hereinafter, "Defendant") motion pursuant to Title 28, United States Code, Section 2255 ("Section 2255), which seeks to amend the sentence lawfully imposed by this Court on February 27, 2019.

This Court sentenced Defendant to a term of imprisonment of 12 months, a sentence far below the applicable guidelines sentencing range. Defendant now requests that this Court modify his sentence to either a sentence of time-served or a sentence of 12 months and one day. Defendant's motion is both procedurally improper and meritless.

To begin, relief under § 2255 is not intended to encompass "all claimed errors in conviction and sentencing." *United States v. Lopez*, 52 F. Supp. 3d 354, 359 (D. Mass. 2014) (citation omitted). The statute authorizes review of claims "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Put simply, Defendant must prove (1)

an error of constitutional magnitude; (2) a sentence imposed outside statutory limits; or (3) an error of fact or law so fundamental as to result in a complete miscarriage of justice. *See, e.g., Cuevas v. United States,* 778 F.3d 267, 270 (1st Cir. 2015); *Mateo v. United States,* 398 F.3d 126, 136 (1st Cir. 2005); *Fasano v. Hall*, 615 F.2d 555, 557 (1st Cir. 1980) (citation omitted). The burden is on the petitioner to set forth adequate facts showing that he is entitled to relief. *David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998).

In his motion, Defendant alleges nothing that can be remedied by a 2255 petition. While Defendant seeks an adjustment in his sentence, which should have been raised on direct appeal,[1] he does not – and cannot – aver that his sentence was an error of constitutional magnitude, imposed outside statutory, or that it resulted in a complete miscarriage of justice. Indeed, Defendant cannot do this because his sentence was far-below the already reduced applicable sentencing guidelines range of 24 to 30 months, per the Government's own recommendation to the Court.[2]

The reasons behind Defendant's Section 2255 motion are difficult to discern. Defendant does, however, claim that he should be granted "additional consideration" due to the fact that the restitution stipulation was lower than the agreed-upon loss amount. This argument should be given little credence because restitution and loss are two different issues. *See, e.g., United States v. Alam*, No. 13-CR-10057-EFM, 2018 WL 447732, *11 (D. Kansas 2018) ("Loss and restitution are not always equivalent. The calculation of total loss under the Guidelines includes consideration of losses caused not only by the conduct underlying the offense of conviction but also other 'relevant

---

[1] Any argument concerning the length of sentence should have been first raised on direct appeal. *See, e.g., Pinillos v. United States*, 990 F.Supp.2d 83 (D. Puerto Rico 2013).

[2] Shortly before sentencing, the Government voluntarily agreed to reduce the loss amount agreed upon in the plea agreement. The Government did this to make sure that the amount of loss/gain were the same between Defendant and his co-conspirator, Lou Amaral.

conduct.' Restitution, on the other hand, is ordered 'only for the loss caused by the specific conduct that is the basis of the offense of conviction.'"). This is especially true here, where the Court's restitution order reflected only the gain that Defendant received personally, while the loss calculation included the gain from the entire scheme.

For all of the above-noted reasons, Defendant's motion for relied pursuant to Section 2255 should be denied.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ *Eric S. Rosen*
Eric S. Rosen
Assistant U.S. Attorney

### Certificate of Service

I hereby certify that this document was filed through the ECF system and was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

By:   /s/ *Eric S. Rosen*
Eric S. Rosen
Assistant U.S. Attorney